The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and THE ERGO BABY CARRIER, INC., a Hawaii corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BARTLEY, an individual; JEAN BATALIEN, an individual; RACHEL DIEKMANN, an individual; HAZEL FLORES, an individual d/b/a Webox.com Prep Center; NAMDIDIE IKON, an individual; JUSTIN RALEY, an individual; SEBASTIAN GONZALEZ ROJAS, an individual; KATHRYN SPOSATO, an individual; JEAN ST. VIL, an individual; MICHAEL SUTTON, an individual; and DOES 1-10,<br><br>Defendants. | No. 2:24-cv-01188-MJP<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: JANUARY 10, 2025 |

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc., Amazon.com Services, LLC (collectively, "Amazon"), and the Ergo Baby Carrier, Inc. ("Ergobaby," and together with Amazon, "Plaintiffs") seek leave to amend their Complaint for Damages and Equitable Relief (the "Complaint"), Dkt. 1, to add a new defendant identified through informal discovery; to add new facts regarding the conduct of a

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 1
(2:24-cv-01188-MJP)

previously-named Defendant, Hazel Flores ("Flores") in the subject counterfeiting scheme; and to add new causes of action based on those facts.

Pursuant to Local Civil Rule 15, a copy of the proposed First Amended Complaint for Damages and Equitable Relief (the "Amended Complaint"), redlined to highlight how it differs from the Complaint, is attached as Exhibit A to the Declaration of Scott Commerson, dated January 10, 2025 (the "Commerson Decl.") filed in support of this Motion. A clean and signed copy of the Amended Complaint that is ready for filing is attached as Exhibit B to the Commerson Declaration.

## II. BACKGROUND

### A. Plaintiffs Filed a Complaint for Damages and Equitable Relief.

Plaintiffs initiated this action by filing a Complaint alleging claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1114; false designation of origin and false advertising under the Lanham Act, 15 U.S.C. § 1125; unfair and deceptive acts under the Washington Consumer Protection Act, RCW 19.86.010, *et seq*.; and breach of contract, for which Plaintiffs seek damages, equitable relief, and their costs and attorneys' fees. *See*, *gen.* Dkt. 1. Plaintiffs' claims arise from Defendants' unlawful use of ten Amazon selling accounts (the "Selling Accounts") to advertise and sell counterfeit Ergobaby-branded baby carriers in the Amazon.com store (the "Amazon Store") in violation of Ergobaby's intellectual property rights, and in direct contravention of Plaintiffs' contracts with Amazon and Amazon's anti-counterfeiting terms and policies. *See id*. ¶¶ 38-47, Ex. B ¶ 5 & Ex. C at 1–2.

### B. Plaintiffs Serve Defendants and Obtain Informal Discovery.

Plaintiffs served all Defendants with the Complaint and related summonses by November 2, 2024. Dkt. 21-26, 32, 34, 40. Upon being served, a number of Defendants engaged Plaintiffs about the potential for an early resolution. Commerson Decl. ¶ 4. Plaintiffs requested that Defendants provide certain documents and information concerning their Selling Accounts and sale of counterfeit Ergobaby-branded products in the Amazon Store. *Id*. Several Defendants

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 2
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

responded to Plaintiffs' requests, with the last of those responses provided to Plaintiffs on December 6, 2024. *Id*.

The information provided by Defendants revealed a previously unknown individual who participated in Defendants' counterfeiting scheme, and disclosed new facts relating to the scheme. Commerson Decl. ¶ 5. Specifically, Plaintiffs learned that in addition to selling counterfeit Ergobaby products through a Selling Account under her control, Defendant Hazel Flores ("Flores"), via her company (Webox), also provided services to several other Defendants related to the management of their Selling Accounts and their advertisement, distribution, and sale of counterfeit Ergobaby-branded products in the Amazon Store. *Id*.

Plaintiffs further learned that certain Defendants were introduced to Flores and supplied counterfeit Ergobaby-branded products by an individual named Seymour Watson, a/k/a/ Nick Watson ("Watson"). *Id*. ¶ 6. Defendants' materials disclosed that Watson approached these Defendants and encouraged them to sell Ergobaby-branded products through their Selling Accounts, describing them as popular products that provided sellers with desirable profit margins. *Id*. Plaintiffs also learned that Watson sourced the counterfeit Ergobaby-branded products sold in the Amazon Store by at least two Defendants through his company, Ethanmour Holdings LLC . *Id*.

Plaintiffs now seek permission to file the Amended Complaint naming Watson as a defendant, elaborating on Defendants' counterfeiting scheme, and explaining multifaceted role played Flores within that scheme. *Id*. ¶ 7. Based on the newly-discovered facts concerning Watson and Flores, the Amended Complaint asserts additional causes of action against them for contributory trademark infringement and contributory false designation of origin in violation of the Lanham Act. *Id*.

### III.    ARGUMENT

Federal Rule of Civil Procedure 15(a) mandates that leave to amend "should [be] freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiffs should be granted leave to amend because the proposed amendments would not prejudice Defendants; Plaintiffs do

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 3
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

not seek leave to amend in bad faith; Plaintiffs have not unduly delayed in seeking leave of the Court; Plaintiffs' proposed amendments are not futile; and Plaintiffs have not previously sought leave to amend. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

### A. Plaintiffs' Proposed Amendments Would Not Prejudice Defendants.

"Prejudice is the touchstone of the inquiry under [R]ule 15(a)." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks and citation omitted). Thus, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. In the context of a motion for leave to amend, prejudice "means 'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *See Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (Robart, J.L.) (quoting *Deakyne v. Cmm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). "The party opposing amendment bears the burden of showing" prejudice. *Vale v. City of Seattle*, 2024 WL 4107309, at *4 (W.D. Wash. Sept. 6, 2024) (citing *DCD Programs, LTD. v. Leighton*, 833 F.3d 183, 187 (9th Cir. 1987)). That party "must do more than merely assert prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered" were the amendments made earlier. *Wizards of the Coast*, 309 F.R.D. at 652.

Here, Plaintiffs' proposed changes to the Complaint would not prejudice Defendants for the following reasons: 1) none of the currently named Defendants are prejudiced by the addition of Watson; 2) the proposed amendments do not fundamentally change Plaintiffs' tactics or the nature of this case; and 3) this case has not been decided on the merits and is far from trial.

*First*, prior to receipt of Defendants' information, Plaintiffs had not identified Watson and were not aware of his involvement in Defendants' counterfeiting scheme. *See* Commerson Decl. ¶¶ 4-6. As a result, Watson was neither named in the Complaint, nor served with the same. *See* Dkt. 1. Parties cannot credibly claim to be unduly prejudiced merely by being named in an amended complaint. *See Flores v. U.S. Immigr. & Customs Enf't*, 2018 WL 3032786, at *2 (W.D. Wash. June 19, 2018) (The mere "adding [of] a party is not sufficient to show prejudice

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 4
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

against him."). Moreover, at this early stage of litigation, where fact and expert discovery have not begun and no trial date has been set, Defendants cannot contend they have been unduly prejudiced. *See DCD Programs, Ltd.*, 833 F.2d at 188 (finding that "there is clearly no basis for any claim of prejudice" to proposed new defendant where the "case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled").

*Second*, Plaintiffs' proposed amendments do not fundamentally alter their tactics or theories of the case. Instead, the Amended Complaint merely bolsters Plaintiffs' allegations regarding the same counterfeiting scheme alleged in the Complaint. To that end, the Amended Complaint: 1) names Watson; 2) alleges newly-discovered facts concerning Flores's counterfeiting conduct; and 3) asserts new causes of action reflecting Watson's and Flores's contributory actions assisting Defendants with their sales of counterfeit Ergobaby-branded products in the Amazon Store. Commerson Decl. ¶ 7. In short, the Amended Complaint does not alter the nature of Plaintiffs' action and does not prejudice Defendants. *See Vale*, 2024 WL 4107309, at *4-5 (granting motion to file amended complaint adding new parties and new claims based on new information, and holding that amendments did not unduly prejudice defendants); *see also Wash. Schools Risk Mgmt. Pool v. Am. Re-Ins. Co.*, 2023 WL 5036075, at *6-7 (King, L.) (granting leave to file amended complaint asserting multiple new claims and finding no resulting prejudice to defendants as "case [was] in its infancy."). Consequently, these proposed amendments would not result in "'undue difficulty in [defending the lawsuit]'" to any Defendant and leave to amend should be granted. *See Cryptozoic Ent. LLC*, 309 F.R.D. at 652 (citation omitted).

*Third*, to date, only one Defendant—Rachel Diekmann, who is not affected by any of the proposed amendments to the Complaint—has responded to the Complaint. *See* Dkt. 41. Discovery in this matter does not close until August 25, 2025, and trial is not scheduled to begin until late January 2026. *See* Dkt. 44. Even if Plaintiffs' proposed amendments materially altered this action—and they do not—Defendants have ample time to investigate Plaintiffs' allegations, engage in discovery, and prepare for trial.

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 5
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

### B. Plaintiffs' Motion is Made In Good Faith.

A motion seeking leave to amend may be denied where a defendant can "identify a bad faith motivation" such as the addition of a party to destroy diversity and defeat the court's jurisdiction, or the use of amendments as a dilatory maneuver. *See, e.g.*, *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Here, the proposed amendments are a product of Plaintiffs' diligent efforts to further investigate the facts, circumstances, and parties involved in Defendants' counterfeiting scheme, and ultimately to advance this litigation. *See* Commerson Decl. ¶¶ 4-6. Defendants cannot credibly contend that Plaintiffs seek leave to amend the Complaint in bad faith, and therefore, leave to amend should be granted. *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. AF Evans Co.*, 2012 WL 12882900, at *2 (W.D. Wash. Aug. 30, 2012) (granting leave to amend where non-movant "fail[ed] to identify a bad faith motivation on the part of [movant] or prejudice to [non-movant] resulting from the proposed amendment."); *see also Vivendi, S.A. v. T-Mobile USA, Inc.*, 2007 WL 9775571, at *2 (W.D. Wash. July 30, 2007) (finding non-movant's contention that proposed amendment to add party was done in bad faith was "insufficient to overcome the policy favoring leave to amend.").

### C. Plaintiffs Have Not Unduly Delayed Seeking Leave.

Evaluation of the undue delay factor requires consideration of "(1) the length of the delay from when the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to trial." *Philips N. Am., LLC*, 2020 WL 7641200, at *2 (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991)). Regardless, in the Ninth Circuit, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

Plaintiffs have not unduly delayed in seeking leave to amend. Plaintiffs uncovered Watson's involvement in Defendants' counterfeiting scheme, and the full scope of Flores's involvement in the same, when they received certain information last month. *See* Commerson Decl. ¶¶ 4-6. Thus, Plaintiffs have not delayed in naming Watson and in asserting claims for

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 6
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

contributory infringement and false designation of origin against him and Flores based on newly discovered facts.

Further, as noted above, discovery in this matter does not close for nearly nine months, and trial does not begin for over a year. Dkt. 44. Leave to amend should thus be granted.

### D. Plaintiffs' Amendments Are Not Futile.

A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty., Idaho*, 119 F. 3d 1385, 1393 (9th Cir. 1997) (internal quotation marks and citation omitted). Accordingly, a "party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *McEuen v. Riverview Bancorp, Inc.*, 2013 WL 646045, at *3 (W.D. Wash. Feb. 21, 2013). Plaintiffs' well-pled claims against Watson and Flores for contributory infringement and contributory false designation of origin are not futile.

### E. Plaintiffs Have Not Previously Amended the Complaint.

The "district court's discretion to deny leave to amend is particularly broad where [a] plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 372, 373 (9th Cir. 1990) (affirming denial of leave to file fourth amended complaint) (internal quotation marks and citation omitted). Even so, "previous amendments are not dispositive." *Philips N. Am., LLC*, 2020 WL 7641200, at *2 (granting leave to file a third amended complaint).

Here, Plaintiffs have not previously amended their pleadings, and leave to amend should be granted accordingly.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant leave to file the proposed Amended Complaint attached as Exhibit B to the Commerson Declaration.

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 7
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

DATED this 10th day of January, 2025.

        DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*/s/ Scott R. Commerson*
Scott R. Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT - 8
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax