# EXHIBIT B

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware
corporation; AMAZON.COM SERVICES LLC,
a Delaware limited liability company; and THE
ERGO BABY CARRIER, INC., a Hawaii
corporation,

              Plaintiffs,

    v.

MICHAEL BARTLEY, an individual; JEAN
BATALIEN, an individual; RACHEL
DIEKMANN, an individual; HAZEL FLORES,
an individual d/b/a Webox.com Prep Center;
NAMDIDIE IKON, an individual; JUSTIN
RALEY, an individual; SEBASTIAN
GONZALEZ ROJAS, an individual;
KATHRYN SPOSATO, an individual; JEAN
ST. VIL, an individual; MICHAEL SUTTON,
an individual; SEYMOUR WATSON, an
individual d/b/a Ethanmour Holdings LLC; and
DOES 1-10,

              Defendants.

No. 2:24-cv-01188-MJP

**FIRST AMENDED COMPLAINT FOR
DAMAGES AND EQUITABLE RELIEF**

## I.  INTRODUCTION

1.  This case involves Defendants' unlawful and expressly prohibited sale of

counterfeit wearable, hands-free baby carriers bearing the trademark of The Ergo Baby Carrier,

Inc. ("Ergobaby"). Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon")

and Ergobaby (together with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1  prevent and enjoin Defendants from causing future harm to Amazon's and Ergobaby's

2  customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for

3  their illegal actions.

4      2.    Amazon.com Services LLC owns and operates the Amazon.com store (the

5  "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international

6  stores and websites. Amazon's stores offer products and services to customers in more than 100

7  countries around the globe. Some of the products are sold directly by Amazon entities, while

8  others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of

9  the most well-recognized, valuable, and trusted brands in the world. To protect its customers and

10 safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources

11 to prevent counterfeit and infringing goods from being sold in its stores. In 2023 alone, Amazon

12 invested over $1.2 billion and employed more than 15,000 people to protect its stores from

13 counterfeits, fraud, and other forms of abuse.

14     3.    Ergobaby was founded over twenty years ago by Karin Frost, a mother

15 dissatisfied with the baby-carrying options then available on the market. Finding that no product

16 provided her with the comfort and ergonomics she desired, Frost designed and created a soft-

17 structured, hands-free baby carrier that allows parents to stay close to their child and enables

18 bonding while maintaining freedom of movement. Ergobaby's babywearing carriers are

19 ergonomically designed to support both a baby's developing body as well as the parent wearing

20 it, and come in styles and sizes designed to help parents carry their child from birth through

21 toddler years. Since its founding, Ergobaby has expanded its product line to include baby

22 strollers, bouncers, high chairs, nursing pillows, and more—all aimed to support parents in

23 raising young children. Ergobaby babywearing carriers are now sold by more than 700 hundred

24 retailers in the United States and in over 50 countries worldwide. Ergobaby is an industry leader

25 and the recipient of numerous awards and accolades.

26

27

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 2
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

4.      Ergobaby owns, manages, enforces, licenses, and maintains IP, including over 120 patents and numerous trademarks. Relevant to this First Amended Complaint (the "Complaint"), Ergobaby owns the following registered trademark (the "Ergobaby Trademark").

| **Mark** | **Registration No. (International Classes)** |
| --- | --- |
| **ERGObaby** | No. 4,178,397 (IC: 18) |

A true and correct copy of the registration certificate for the Ergobaby Trademark is attached as **Exhibit A**.

5.      As detailed in **Schedule 1**, the Trafficker Defendants[1] advertised, marketed, offered, distributed, and sold counterfeit Ergobaby products in the Amazon Store, using the Ergobaby Trademark, without authorization, in order to deceive customers about the authenticity and origin of the products and the products' affiliation with Ergobaby. The Trafficker Defendants are the individuals and/or entities who operated, controlled, and/or were responsible for the selling accounts identified in the Schedule 1 (the "Selling Accounts"). On information and belief, by June 2022, the Supplier Defendant[2] supplied counterfeit Ergobaby-branded products to certain of the Trafficker Defendants and did so with the knowledge and intent that those products would be resold in the Amazon Store.

6.      As a result of their illegal actions, Defendants have infringed and misused Ergobaby's IP; breached their contracts with Amazon; willfully deceived and harmed Amazon, Ergobaby, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and Ergobaby. Defendants' illegal actions have caused Amazon and Ergobaby to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, Ergobaby, and their customers.

---

[1] The "Trafficker Defendants" include all Defendants *except* Seymour Watson a/k/a Nick Watson.

[2] The "Supplier Defendant" is Seymour Watson a/k/a Nick Watson d/b/a Ethanmour Holdings LLC.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 3
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## II.    PARTIES

7.    Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.

8.    The Ergo Baby Carrier, Inc. is a Hawaiian corporation with its principal place of business in Torrance, California.

9.    Defendants are a collection of individuals and entities who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants are the individuals who operated, controlled, supplied, and/or were responsible for the creation of the selling accounts detailed in Schedule 1, attached hereto (collectively, "Selling Accounts" or each individually, "Selling Account"). Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

10.    On information and belief, Defendant Michael Bartley ("Defendant Bartley") is an individual residing in Florida who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Bartley controlled and/or operated the "Shoppers Bargins" Selling Account. On further information and belief, Defendant Bartley acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

11.    On information and belief, Defendant Jean Batalien ("Defendant Batalien") is an individual residing in Florida who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Batalien controlled and/or operated the "Grandmah84" Selling Account. On further information and belief, Defendant

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 4
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Batalien acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

12.     On information and belief, Defendant Rachel Diekmann ("Defendant Diekmann") is an individual residing in Missouri who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Diekmann controlled and/or operated the "J&G Sourcing" Selling Account. On further information and belief, Defendant Diekmann acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

13.     On information and belief, Defendant Hazel Flores ("Defendant Flores"), d/b/a Webox.com Prep Center ("Webox"), is an individual residing in Pennsylvania who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Flores controlled and/or operated "The Shopping Heist LLC" Selling Account. On further information and belief, Defendant Flores acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

14.     On information and belief, Defendant Namdidie Ikon ("Defendant Ikon") is an individual residing in Florida who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Ikon controlled and/or operated the "Nekio LLC" Selling Account. On further information and belief, Defendant Ikon acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

15.     On information and belief, Defendant Justin Raley ("Defendant Raley") is an individual residing in Kansas who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Raley controlled and/or operated

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 5
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

the "VSR Quick Shop" Selling Account. On further information and belief, Defendant Raley acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

16.     On information and belief, Defendant Sebastian Gonzalez Rojas ("Defendant Rojas") is an individual residing in an unknown location who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Rojas controlled and/or operated the "GG Store!" Selling Account. On further information and belief, Defendant Rojas acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

17.     On information and belief, Defendant Kathryn Sposato ("Defendant Sposato") is an individual residing in Kansas who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant Sposato controlled and/or operated the "KMSshops" Selling Account. On further information and belief, Defendant Sposato acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

18.     On information and belief, Defendant Jean St. Vil ("Defendant St. Vil") is an individual residing in Texas who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. Defendant St. Vil controlled and/or operated the "Dealz R Us" Selling Account. On further information and belief, Defendant St. Vil acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

19.     On information and belief, Defendant Michael Sutton ("Defendant Sutton") is an individual residing in Florida who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 6
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

direct financial benefit from that wrongful conduct. Defendant Sutton controlled and/or operated the "SuttonlyProducts" Selling Account. On further information and belief, Defendant Sutton acted in concert with the individuals and/or entities who operated the other Selling Accounts listed in Schedule 1.

20.    On information and belief, the Supplier Defendant, Defendant Seymour Watson a/k/a Nick Watson, d/b/a Ethanmour Holdings LLC ("Ethanmour"), is an individual residing in Florida who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. On further information and belief, the Supplier Defendant acted in concert with the individuals and/or entities who operated the Selling Accounts listed in Schedule 1.

21.    On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit Ergobaby products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

## III.    JURISDICTION AND VENUE

22.    The Court has subject matter jurisdiction over Ergobaby's Lanham Act claims for trademark counterfeiting and trademark infringement, and false advertising, and Amazon's and Ergobaby's Lanham Act claims for false designation of origin, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and Ergobaby's claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

23.    The Court has personal jurisdiction over all Defendants because they transacted business and committed and/or facilitated tortious acts within and directed to the State of Washington, and Amazon's and Ergobaby's claims arise from those activities. The Trafficker Defendants affirmatively undertook to do business with Amazon, a corporation with its principal

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 7
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the Ergobaby Trademark and which otherwise infringed Ergobaby's IP, and/or knowingly facilitated other Defendants in doing so. Additionally, the Trafficker Defendants each shipped products bearing counterfeit versions of the Ergobaby Trademark to consumers in Washington.

24.    Further, the Trafficker Defendants consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

25.    The Court likewise has personal jurisdiction over the Supplier Defendant. The Supplier Defendant supplied the Trafficker Defendants with counterfeit Ergobaby-branded products with the knowledge and intent that those products would be resold in the Amazon Store through the Trafficker Defendants' Selling Accounts.

26.    Each of the Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Ergobaby and Amazon substantial injury in Washington.

27.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because the Trafficker Defendants consented to it under the BSA.

28.    Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 8
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## IV.    FACTS

### A.    Amazon's Efforts to Prevent the Sale of Counterfeit Goods.

29.    Amazon works hard to build and protect the reputation of its stores as places where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

30.    A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

31.    Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls. In 2023, Amazon's proactive controls blocked more than 99% of suspected infringing listings before a brand ever had to find and report them.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 9
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

32.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for, identify, and report potentially infringing products using state-of-the-art image search technology.

33.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 1.6 billion product units, whether sold in Amazon's stores or elsewhere in the retail supply chain, have been enrolled in Transparency, and have been authenticated as genuine through code scan verification.

34.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. Since launch, more than 25,000 brands have enrolled in Project Zero.

35.     Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a fully legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 10
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

detection, are deterring bad actors from even attempting to create new Amazon selling accounts. In 2023, Amazon stopped more than 700,000 bad actor attempts to create new selling accounts, stopping them before they were able to list a single product for sale in Amazon's store. This is down from six million attempts by bad actors to create new Amazon selling accounts in 2020.

36.    Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities. In 2023, Amazon identified, seized, and appropriately disposed of more than seven million counterfeit products worldwide, preventing them from harming customers or being resold.

37.    In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.    Ergobaby's Anti-Counterfeiting Efforts.**

38.    Ergobaby goes to great lengths to protect consumers from counterfeits of its products. Ergobaby utilizes both internal and external resources to combat counterfeit and infringing products. Ergobaby works with a third-party brand protection vendor to detect and remove products violating Ergobaby's IP rights.

39.    Further, Ergobaby expends significant time and resources testing its products in order to ensure their quality and safety in accordance with federal and international regulatory requirements.

40.    Ergobaby is currently enrolled in Brand Registry. Ergobaby manages its Amazon Brand Registry account by monitoring and reporting potentially infringing products. Ergobaby began actively using the tools and protections provided by this program before and in response to the counterfeiting activity described in this Complaint.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 11
(2:24-cv-01188-MJP)

**C.    The Trafficker Defendants Created Amazon Selling Accounts, Agreed Not to Sell Counterfeit Goods, and Agreed to Provide Accurate Information to Amazon.**

41.    At various times between May 5, 2021 and February 7, 2024, the Trafficker Defendants established, controlled, and operated the ten Selling Accounts described in Schedule 1, through which they sought to advertise, market, offer, distribute, and sell counterfeit Ergobaby-branded products. In connection with these Selling Accounts, the Trafficker Defendants provided Amazon with names, email addresses, and financial account information.

42.    To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable version[s] of the BSA, namely, the version Defendants last agreed to when using Amazon's services, is attached as **Exhibit B**.

43.    Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

44.    Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 12
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

45.    Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of selling inauthentic products:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o  Bootlegs, fakes, or pirated copies of products or content

  o  Products that have been illegally replicated, reproduced, or manufactured

  o  Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o  Remove suspect listings.

  o  Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 13
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

46.     Additionally, under the terms of the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id.* ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id.* ¶ 5.

47.     When the Trafficker Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained as such.

**D.    Defendants' Coordinated Sale of Counterfeit Ergobaby-Branded Products Through Webox.**

48.     On information and belief, Defendants operated in concert with one another in their advertising, marketing, offering, distributing, and selling of inauthentic Ergobaby-branded products.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 14
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

49.     Specifically, Defendants in control of six of the Selling Accounts[3] (the "Webox Defendants")[4] used the address associated with Defendant Flores' company, Webox, as the removal address[5] for the counterfeit Ergobaby-branded products they sold. On information and belief, Defendant Flores, by and through Webox, worked closely with the Webox Defendants to operate their Selling Accounts. Specifically, for a fee, Defendant Flores and her agents researched and procured various products for sale in the Amazon Store for the Webox Defendants, including counterfeit Ergobaby-branded products, and facilitated their sale through the Webox Defendants' Selling Accounts.

50.     On further information and belief, in certain instances, Defendant Flores and her agents obtained the Webox Defendants' login credentials for their Selling Accounts. She used those credentials to access the Webox Defendants' Selling Accounts, list counterfeit Ergobaby-branded products for sale in the Amazon Store, submit related invoices to Amazon, and respond to communications from Amazon, including those concerning customer complaints regarding the authenticity of products sold through the Webox Defendants' Selling Accounts.

51.     On further information and belief, Defendant Flores also shipped the counterfeit Ergobaby-products sold through the Webox Defendants' Selling Accounts to Webox's Pennsylvania business address, where she stored them before shipping them to Amazon fulfillment centers to fulfill orders made through the Webox Defendants' Selling Accounts.

52.     Defendant Flores was further involved in the sale of the counterfeit Ergobaby-branded products through the "The Shopping Heist" Selling Account, which she personally operated and controlled. Defendant Flores' credit card information is also registered in

---

[3] Those Selling Accounts are: (1) "Nekio LLC" Selling Account registered by Defendant Ikon; (2) "Dealz R Us" Selling Account registered by Defendant St. Vil; (3) "SuttonlyProducts" Selling Account registered by Defendant Sutton; (4) "Grandmah84" Selling Account registered by Defendant Batalien; (5) "Shoppers Bargins" Selling Account registered by Defendant Bartley; and (6) "The Shopping Heist" Selling Account registered by Defendant Flores.

[4] The Webox Defendants are: (1) Defendant Ikon; (2) Defendant St. Vil; (3) Defendant Sutton; (4) Defendant Batalien; (5) Defendant Bartley; and (6) Defendant Flores.

[5] A removal address is the physical address designated by the seller where products are sent that are returned by customers or removed from Amazon's fulfillment centers.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 15
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

connection with the "Nekio LLC" Selling Account, through which Defendant Ikon sold counterfeit Ergobaby-branded products.

53.    Several Webox Defendants are also connected through the Supplier Defendant, who facilitated the distribution and sale of counterfeit Ergobaby-branded products through the Webox Defendants' Selling Accounts. On information and belief, the Supplier Defendant approached the Webox Defendants and encouraged them to partner with Defendant Flores and Webox to sell Ergobaby-branded products through their Selling Accounts, describing the Ergobaby-products as items that provided a significant profit margin.

54.    On further information and belief, the Supplier Defendant, through his company Ethanmour, also sourced counterfeit Ergobaby-products for the Webox Defendants. He did so by purchasing large orders of counterfeit Ergobaby-branded products and supplying the Webox Defendants with items from those orders. Notably, after he began supplying counterfeit products to the Webox Defendants, Defendant Watson contacted Ergobaby multiple times, seeking to become a licensed distributor of Ergobaby's products. Ergobaby elected not to engage the Supplier Defendant. On further information and belief, the Supplier Defendant therefore was aware that the Ergobaby-branded products he purchased for the Webox Defendants were not genuine but he still sourced them for the Webox Defendants for intended resale in the Amazon Store.

**E.    Trafficker Defendants' Provision of False Information to Amazon.**

55.    Four of the Trafficker Defendants' Selling Accounts submitted to Amazon fake invoices in a deliberate effort to deceive Amazon and circumvent Amazon's processes for product authentication. The invoices each followed an identical template and purported to show that one of three companies—ATAG International Trade ("ATAG"), Lousan Industrial Co., Ltd. ("Lousan"), or New Powerful Trade Limited ("New Powerful")—supplied Defendants with authentic Ergobaby products. However, the Ergobaby-branded products sold through Defendants' Selling Accounts were counterfeit, and, on information and belief, the companies listed on the invoices were not legitimate. For instance, ATAG is associated with a website,

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 16
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

kkfong.com, which advertised Ergobaby-branded products for sale at discounted prices, though Plaintiffs' investigation revealed that no sale of the products could be completed through the website. On information and belief, ATAG's website was merely a front that was intended to legitimize ATAG's counterfeit business. Additionally, Lousan and New Powerful are not registered as businesses in the United States and appear to have no online presence.

56.     The Webox Defendants are connected to the Defendants associated with the fake invoices, as discussed above, through IP addresses that were used to log in and access certain Selling Accounts. Specifically, on two consecutive days, the "J&G Sourcing" Selling Account (which submitted fake invoices from both Lousan and New Powerful) and the "Dealz R US" Selling Account (which is associated with the Webox removal address) were accessed from the same IP addresses. Those IP addresses logged into those Selling Accounts through a common server located in Minneapolis, MN. On information and belief, the same person used those IP addresses to access the J&G Sourcing and Dealz R Us Selling Accounts.

**F.    Ergobaby Confirms that Defendants' Selling Accounts Sold Counterfeit Ergobaby-branded Products.**

57.     Ergobaby has conducted test purchases of Ergobaby-branded products sold by each of Trafficker Defendants' Selling Accounts and determined that the products are counterfeit, that each bears a counterfeit Ergobaby Trademark, and that Ergobaby has never authorized the sale of such products, as detailed in Schedule 1. The Trafficker Defendants' counterfeit products have not gone through Ergobaby's extensive testing, quality-control, and safety measures.

58.     In addition, as further detailed in Schedule 1, certain Trafficker Defendants submitted invoices to Amazon which purported to show that their counterfeit products came from a supplier of authentic products. Amazon subsequently determined that these invoices were likely falsified.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 17
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

### G.    Amazon Shut down Defendants' Selling Accounts.

59.    By selling counterfeit and infringing Ergobaby products, the Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by Ergobaby. Defendants also knowingly and willfully used Ergobaby's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing Ergobaby products.

60.    At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic Ergobaby products. The Trafficker Defendants have breached the terms of their agreements with Amazon. Further, all Defendants deceived Amazon's customers and Amazon, infringed and misused the IP rights of Ergobaby, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's and Ergobaby's brands.

61.    After Amazon verified the Trafficker Defendants' sale of counterfeit Ergobaby products, it blocked certain Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and Ergobaby.

62.    Pursuant to Amazon's A-to-z guarantee, Amazon also proactively issued full refunds to many customers who purchased purported Ergobaby products from Defendants. Defendants have not reimbursed Amazon.

### V.    CLAIMS

### FIRST CLAIM
*(by Ergobaby against all Defendants)*
### Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114

63.    Plaintiff Ergobaby incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

64.    Defendants' activities constitute counterfeiting and infringement of the Ergobaby Trademark as described in the paragraphs above.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 18
(2:24-cv-01188-MJP)

65.     Ergobaby owns the Ergobaby Trademark and advertises, markets, offers, distributes, and sells its products using the Ergobaby Trademark described above and uses the trademark to distinguish its products from the products and related items of others in the same or related fields.

66.     Because of Ergobaby's long, continuous, and exclusive use of the Ergobaby Trademark identified in this Complaint, the trademark has come to mean, and is understood by customers and the public to signify, products from Ergobaby.

67.     Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit and infringing versions of the Ergobaby Trademark with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Ergobaby and likely caused such erroneous customer beliefs.

68.     As a result of Defendants' wrongful conduct, Ergobaby is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Ergobaby is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

69.     Ergobaby is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. Ergobaby has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Ergobaby Trademark is a unique and valuable property that has no readily determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to Ergobaby and Ergobaby's reputation and goodwill such that Ergobaby could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting harm to Ergobaby, due to Defendants' wrongful conduct is likely to be continuing.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 19
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1

2

<u>**SECOND CLAIM**</u>
*(by Ergobaby against all Defendants)*
**False Designation of Origin – 15 U.S.C. § 1125(a)**

3     70.     Plaintiff Ergobaby incorporates by reference the allegations of the preceding

4    paragraphs as though set forth herein.

5     71.     Ergobaby owns the Ergobaby Trademark and advertises, markets, offers,

6    distributes, and sells its products using the trademark described above and uses the trademark to

7    distinguish its products from the products and related items of others in the same or related

8    fields.

9     72.     Because of Ergobaby's long, continuous, and exclusive use of the Ergobaby

10   Trademark identified in this Complaint, the trademark has come to mean, and is understood by

11   customers, users, and the public to signify products from Ergobaby.

12    73.     Defendants' wrongful conduct includes the infringement of the Ergobaby

13   Trademark in connection with Defendants' commercial advertising, marketing, offering,

14   distributing, and selling of counterfeit Ergobaby products in interstate commerce.

15    74.     In advertising, marketing, offering, distributing, and selling products bearing

16   counterfeit versions of the Ergobaby Trademark, Defendants have used, and on information and

17   belief continue to use, the trademark referenced above to compete unfairly with Ergobaby and to

18   deceive customers. Upon information and belief, Defendants' wrongful conduct misleads and

19   confuses customers and the public as to the origin and authenticity of the goods and services

20   advertised, marketed, offered, distributed, or sold in connection with the Ergobaby Trademark

21   and wrongfully trades upon Ergobaby's goodwill and business reputation.

22    75.     Defendants' conduct constitutes false designation of origin and false or

23   misleading description that products originate from or are authorized by Ergobaby, all in

24   violation of 15 U.S.C. § 1125(a)(1)(A).

25    76.     Defendants' conduct also constitutes willful false statements in connection with

26   goods and/or services distributed in interstate commerce in violation of 15 U.S.C.

27   § 1125(a)(1)(B).

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 20
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

77.     Ergobaby is entitled to an injunction against Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to Ergobaby. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Ergobaby for its injuries, and Ergobaby lacks an adequate remedy at law.

78.     Ergobaby is further entitled to recover Defendants' profits, Ergobaby's damages for its losses, and Ergobaby's costs to investigate and remediate Defendants' conduct and bring this action, including its attorneys' fees, in an amount to be determined. Ergobaby is also entitled to the trebling of any damages award as allowed by law.

## THIRD CLAIM
### *(by Amazon against the Trafficker Defendants)*
### False Designation of Origin – 15 U.S.C. § 1125(a)

79.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

80.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. The Trafficker Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

81.     Specifically, the Trafficker Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. The Trafficker Defendants' deceptive acts were material to Amazon's decision to allow the Trafficker Defendants to sell their products in the Amazon Store because Amazon would not have done so but for their deceptive acts.

82.     In advertising, marketing, offering, distributing, and selling counterfeit Ergobaby products in the Amazon Store, the Trafficker Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 21
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

83.     As described above, the Trafficker Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. The Trafficker Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat the Trafficker Defendants' wrongdoing and to bring this lawsuit to prevent the Trafficker Defendants from causing further harm to Amazon and its customers. The Trafficker Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that the Trafficker Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

84.     Amazon is entitled to an injunction against the Trafficker Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in investigating and bringing this lawsuit.

85.     Amazon is also entitled to recover its damages arising from the Trafficker Defendants' sale of counterfeit products in the Amazon Store.

### FOURTH CLAIM
**(*by Ergobaby against Defendant Flores and Defendant Watson*)**
**Contributory Trademark Infringement, Contributory False Designation of Origin, and Contributory False Advertising – 15 U.S.C. §§ 1114, 1125(a)**

86.     Plaintiff Ergobaby incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

87.     Defendant Flores and Defendant Watson (together, the "Contributing Defendants") knowingly and materially contributed to the Webox Defendants' infringement of the Ergobaby Trademark, as described in the paragraphs above. Likewise, the Contributing Defendants knowingly and materially contributed to the Webox Defendants' willful false statements, false designation of origin, false or misleading description, and false or misleading

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 22
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1  representation that the Ergobaby-branded products they offered for sale in the Amazon Store

2  originated from or were authorized by Ergobaby.

3      88.    The Contributing Defendants have actual knowledge of the Webox Defendants'

4  acts of infringement and false or misleading statements constituting unfair competition. First, in

5  exchange for a fee paid by the Webox Defendants, Defendant Flores procured and distributed

6  counterfeit Ergobaby-branded products with the specific knowledge and intent that those

7  products would ultimately be sold in the Amazon Store through the Webox Defendants' Selling

8  Accounts.

9      89.    In addition, Defendant Flores and her agents obtained the Webox Defendants'

10  login credentials for their Selling Accounts and used them to operate those accounts in at least

11  the follows ways: listing counterfeit Ergobaby-branded products for sale in the Amazon Store,

12  submitting related invoices to Amazon, and responding to communications from Amazon—

13  including those concerning customer complaints regarding the authenticity of products sold

14  through the Selling Accounts.

15      90.    Further, Defendant Watson intentionally supplied products to the Webox

16  Defendants that bore counterfeit depictions of the Ergobaby Trademark. On information and

17  belief, Defendant Watson knew and intended that the Webox Defendants would resell those

18  counterfeit products in the Amazon Store, and actively encouraged them to do so.

19      91.    The Contributing Defendants knew at the time they sourced these products and

20  provided the further services described above to the Webox Defendants that the products were

21  counterfeit, and that the Webox Defendants would sell them to customers in the Amazon Store.

22  Thus, the Contributing Defendants were aware that the Webox Defendants would mislead and

23  confuse Amazon customers and the public as to the origin and authenticity of the Ergobaby-

24  branded products the Webox Defendants advertised, marketed, offered, and sold in connection

25  with the Ergobaby Trademark and wrongfully trade upon Ergobaby's goodwill and business

26  reputation.

27

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 23
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

92.     The Contributing Defendants' services, as described above, enabled, facilitated, and materially contributed to the Webox Defendants' infringement of the Ergobaby Trademark, and their willful false statements, false designation of origin, false or misleading descriptions, and false or misleading representations that the Ergobaby-branded products they sold in the Amazon Store originated from or were authorized by Ergobaby.

93.     The Contributing Defendants' acts in assisting the unlawful conduct of the Webox Defendants' were deliberate and willful.

94.     As a direct and proximate result of the Contributing Defendants' conduct, the Webox Defendants committed the acts set forth above constituting unfair competition and infringement of the Ergobaby Trademark, causing damages to Ergobaby.

95.     The Contributing Defendants have committed, and continue to commit, acts which constitute contributory infringement of the Ergobaby Trademark, as well as contributory unfair competition.

96.     The Contributing Defendants derive a financial benefit directly attributable to the Webox Defendants' infringement of the Ergobaby Trademark.

97.     As a result of the Contributing Defendants wrongful conduct, Ergobaby is entitled to recover their actual damages, the Contributing Defendants' profits attributable to the infringement, and treble damages, attorney fees and costs pursuant to 15 U.S.C. §§ 117(a) and (b). Alternatively, Ergobaby is entitled to statutory damages under 15 U.S.C. § 117(c).

98.     In addition, Ergobaby is entitled to injunctive relief against the Contributing Defendants, their officer, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Ergobaby has no adequate remedy at law for the Contributing Defendants' wrongful conduct because, among other things: (a) the Ergobaby Trademark is a unique and valuable property that has no readily determinable market value; (b) the Contributing Defendants' contributory infringement constitutes harm to Ergobaby and its reputation such that Ergobaby could not be made whole by any monetary award; (c) if the Contributing Defendants'

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 24
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

wrongful conduct is allowed to continue, the public is likely to become further confused,

mistaken, or deceived as to the source, origin, or authenticity of the infringing products; and (d)

the Contributing Defendants' wrongful conduct, and the resulting harm to Ergobaby, is likely to

be continuing.

**FIFTH CLAIM**
*(by Amazon against Defendants Flores and Watson)*
**Contributory False Designation of Origin – 15 U.S.C. § 1125(a)**

99.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as

though set for herein.

100.    Amazon's reputation for trustworthiness is at the heart of its relationship with

customers. The Contributing Defendants' material contribution to the Webox Defendants'

actions in selling counterfeit Ergobaby-branded products poses a threat to Amazon's reputation

because such acts undermine and jeopardize customer trust in the Amazon Store.

101.    The Contributing Defendants knowingly and materially contributed to the Webox

Defendants' willful false statements, false designation of origin, false or misleading description,

and false or misleading representations that the Ergobaby-branded products they offered for sale

in the Amazon Store originated from or were authorized by Ergobaby, as described in the

paragraphs above.

102.    The Contributing Defendants have actual knowledge of the Webox Defendants'

acts which constitute false designation of origin and unfair competition. Specifically, in

exchange for a fee, the Contributing Defendants procured and distributed counterfeit Ergobaby-

branded products with the specific knowledge and intent that those products would ultimately be

sold in the Amazon Store through the Webox Defendants' Selling Accounts.

103.    In addition, Defendant Flores and her agents obtained the Webox Defendants'

login credentials for their Selling Accounts and used them to operate those accounts in at least

the follows ways: listing counterfeit Ergobaby-branded products for sale in the Amazon Store,

submitting related invoices to Amazon, and responding to communications from Amazon—

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 25
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

including those concerning customer complaints regarding the authenticity of products sold through the Selling Accounts.

104.    The Contributing Defendants knew at the time they sourced these products and provided related services to the Webox Defendants that the products were counterfeit, and that Defendants would sell them to customers in the Amazon Store. Thus, the Contributing Defendants were aware that the Webox Defendants would mislead and confuse Amazon customers and the public as to the origin and authenticity of the Ergobaby-branded products the Webox Defendants advertised, marketed, offered, and sold in connection with the Ergobaby Trademark and wrongfully trade upon Ergobaby's goodwill and business reputation.

105.    The Contributing Defendants' services, as described above, enabled, facilitated, and materially contributed to the Webox Defendants' willful false statements, false designation of origin, false or misleading descriptions, and false or misleading representations that the Ergobaby-branded products they sold in the Amazon Store originated from or were authorized by Ergobaby. Without the Contributing Defendants' services, the Webox Defendants would not have been able to sell counterfeit Ergobaby-branded products in the Amazon Store.

106.    The Contributing Defendants' acts assisting the unlawful conduct of the Webox Defendants were deliberate and willful.

107.    As a direct and proximate result of the Contributing Defendants' conduct, the Webox Defendants committed the acts set forth above constituting unfair competition and causing damage to Amazon.

108.    The Contributing Defendants committed, and on information and belief continue to commit, acts which constitute contributory false designation of origin.

109.    The Contributory Defendants derived a financial benefit directly attributable to the Webox Defendants' infringement of the Ergobaby Trademark and their false designation of origin.

110.    As a result of the Contributing Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, the Contributing Defendants' profits attributable to their unlawful

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

acts, and Amazon's attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). Amazon is also entitled to the trebling of any damages award as allowed by law.

111.    As described above, the Contributing Defendants, through their illegal acts, have materially contributed to the Webox Defendants' willful deception of Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. The Contributing Defendants' actions have also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent the Contributing Defendants and Defendants from causing further harm to Amazon and its customers. The Contributing Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that the Contributing Defendants continue to assist sellers in circumventing Amazon's anti-counterfeiting measures. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

### SIXTH CLAIM
#### *(by Ergobaby and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

112.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

113.    Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Ergobaby products constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

114.    Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Ergobaby products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

115.    Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Ergobaby products directly and proximately cause harm to and tarnish Plaintiffs' reputations and brands, and damage their business and property interests and rights.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 27
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

116.    Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. Ergobaby further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, regarding Defendants' activities involving the sale of counterfeit products.

**SEVENTH CLAIM**
*(by Amazon.com Services LLC[6] against Trafficker Defendants)*
**Breach of Contract**

117.    Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

118.    The Trafficker Defendants established the Selling Accounts and entered into Amazon's BSA, a binding and enforceable contract between the Trafficker Defendants and Amazon. The Trafficker Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

119.    Amazon performed all obligations required of it under the terms of the contract with the Trafficker Defendants or was excused from doing so.

120.    The Trafficker Defendants' sale and distribution of counterfeit Ergobaby products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, the Trafficker Defendants' conduct constitutes infringement and misuse of the IP rights of Ergobaby.

121.    In furtherance of their sale and distribution of counterfeit Ergobaby products, certain Trafficker Defendants further breached the BSA and its incorporated policies by submitting falsified documents to Amazon in order to obtain approval to sell the products in the Amazon Store.

122.    The Trafficker Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

---

[6] For the Seventh Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 28
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1

## VI.    PRAYER FOR RELIEF

2    WHEREFORE, Plaintiffs respectfully pray for the following relief:

3    A.    That the Court enter an order permanently enjoining Defendants, their officers,

4 agents, servants, employees, and attorneys, and all others in active concert or participation with

5 them, from:

6    (i)    selling counterfeit or infringing products in Amazon's stores;

7    (ii)    selling counterfeit or infringing products to Amazon or any Amazon

8        affiliate;

9    (iii)    importing, manufacturing, producing, distributing, circulating, offering to

10        sell, selling, promoting, or displaying any product using any simulation,

11        reproduction, counterfeit, copy, or colorable imitation of Ergobaby's

12        brand or trademarks, or which otherwise infringes Ergobaby's intellectual

13        property, in any store or in any medium;

14    (iv)    offering, selling, supplying, or otherwise providing any product using any

15        simulation, reproduction, counterfeit, copy, or colorable imitation of

16        Ergobaby's brand or trademarks, or which otherwise infringes Ergobaby's

17        IP, on any platform or in any medium; and

18    (v)    assisting, aiding, or abetting any other person or business entity in

19        engaging in or performing any of the activities referred to in

20        subparagraphs (i) through (iv) above;

21    B.    That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

22    C.    That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and

23 permitting destruction of all counterfeit and infringing products bearing the Ergobaby Trademark

24 or that otherwise infringe Ergobaby's IP, and any related materials, including business records

25 and materials used to reproduce any infringing products, in Defendants' possession or under their

26 control;

27

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 29
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.      That the Court enter an order requiring Defendants to pay all general, special, and actual damages which Ergobaby has sustained, or will sustain as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

F.      That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

G.      That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.      That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

I.      That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 30
(2:24-cv-01188-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1        DATED this _____ day of January, 2025.

2                                                DAVIS WRIGHT TREMAINE LLP
                                                 *Attorneys for Plaintiffs*
3

4                                                *s/ Scott Commerson*
                                                 Scott Commerson, WSBA #58085
5                                                865 South Figueroa Street, Suite 2400
                                                 Los Angeles, CA 90017-2566
6                                                Tel: (213) 633-6800
                                                 Fax: (213) 633-6899
7                                                Email: scottcommerson@dwt.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 31
(2:24-cv-01188-MJP)

## SCHEDULE 1

**DEFENDANT 1:** Michael Bartley, an individual residing in Florida

Selling Account Name: Shoppers Bargins*

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby All Carry Positions Breathable Mesh Baby Carrier with Enhanced Lumbar Support & Airflow (7-45 Lb), Omni Breeze, Graphite Grey<br><br>ASIN[1]: B092G3K1SV | • On or about February 13, 2023, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product. |

**DEFENDANT 2:** Jean Batalien, an individual residing in Florida

Selling Account Name: Grandmah84*

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby All Carry Positions Breathable Mesh Baby Carrier with Enhanced Lumbar Support & Airflow (7-45 Lb), Omni Breeze, Graphite Grey<br><br>ASIN: B092G3K1SV | • On or about May 18, 2023, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product. |

---

* The Selling Accounts marked with a (*) provided Amazon with a removal address associated with Webox.com Prep Center. A removal address is the physical address designated by the seller where products are sent that are returned by customers or removed from Amazon's fulfillment centers.

[1] "ASIN" is an abbreviation of "Amazon Standard Identification Number," which is a unique series of ten alphanumeric characters that is assigned to each product listed for sale in Amazon's stores for identification purposes.

**DEFENDANT 3:** Rachel Diekmann, an individual residing in Missouri

Selling Account Name: J&G Sourcing

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby Omni 360 All-Position Baby Carrier for Newborn to Toddler with Lumbar Support & Cool Air Mesh (7-45 Lb), Pearl Grey<br><br>ASIN: B07B3VDLV9 | • On or about November 16, 2022, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product.<br><br>• Amazon inspected invoices provided in connection with this Selling Account, purporting to show the purchase of authentic Ergobaby products from Lousan Industrial Co., Ltd. ("Lousan") and New Powerful Trade Limited ("New Powerful"). Plaintiffs' investigation indicates that the invoices were fabricated. |

**DEFENDANT 4:** Hazel Flores, an individual residing in Pennsylvania

Selling Account Name: The Shopping Heist LLC*

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby All Carry Positions Breathable Mesh Baby Carrier with Enhanced Lumbar Support & Airflow (7-45 Lb), Omni Breeze, Graphite Grey<br><br>ASIN: B092G3K1SV | • On or about January 31, 2023, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product. |

**DEFENDANT 5:** Namdidie Ikon, an individual residing in Florida

Selling Account Name: Nekio LLC*

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby All Carry Positions Breathable Mesh Baby Carrier with Enhanced Lumbar Support & Airflow (7-45 Lb), Omni Breeze, Pearl Grey<br><br>ASIN: B0915Y5S5D | • On or about December 18, 2022, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased products and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product. |

**DEFENDANT 6:** Justin Raley, an individual residing in Kansas

Selling Account Name: VSR Quick Shop

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby All Carry Positions Breathable Mesh Baby Carrier with Enhanced Lumbar Support & Airflow (7-45 Lb), Omni Breeze, Graphite Grey<br><br>ASINs: B092G3K1SV<br><br>Ergobaby Omni 360 All-Position Baby Carrier for Newborn to Toddler with Lumbar Support & Cool Air Mesh (7-45 Lb), Midnight Blue<br><br>ASIN: B07B41952V | • On or about November 29, 2023, Ergobaby conducted test purchases of the listed products sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased products and confirmed that they are counterfeit based on deviations from Ergobaby's authentic product.<br><br>• Amazon inspected invoices provided in connection with this Selling Account, purporting to show the purchase of authentic Ergobaby products from Lousan, New Powerful and ATAG International Trade ("ATAG"). Plaintiffs' investigation indicates that the invoices were fabricated. |

**DEFENDANT 7:** Sebastian Gonzalez Rojas, an individual residing in Puerto Rico

Selling Account Name: GG Store!

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby Omni 360 All-Position Baby Carrier for Newborn to Toddler with Lumbar Support & Cool Air Mesh (7-45 Lb), Midnight Blue<br><br>ASIN: B07B41952V | • On or about November 29, 2023, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product.<br><br>• Amazon inspected an invoice provided in connection with this Selling Account, purporting to show the purchase of authentic Ergobaby products from ATAG. Plaintiffs' investigation indicates that the invoice was fabricated. |

**DEFENDANT 8:** Kathryn Sposato, an individual residing in Kansas

Selling Account Name: kmsshops

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby All Carry Positions Breathable Mesh Baby Carrier with Enhanced Lumbar Support & Airflow (7-45 Lb), Omni Breeze, Midnight Blue<br><br>ASIN: B092FM5KJ7 | • On or about October 10, 2023, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product.<br><br>• Amazon inspected an invoice provided in connection with this Selling Account, purporting to show the purchase of authentic Ergobaby products from ATAG. Plaintiffs' investigation indicates that the invoice was fabricated. |

**DEFENDANT 9:** Jean St. Vil, an individual residing in Florida

Selling Account Name: DEALZ R Us*

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby All Carry Positions Breathable Mesh Baby Carrier with Enhanced Lumbar Support & Airflow (7-45 Lb), Omni Breeze, Pearl Grey<br><br>ASIN: B0915Y5S5D | • On or about November 16, 2022, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product. |

**DEFENDANT 10:** Michael Sutton, an individual residing in Florida

Selling Account Name: SuttonlyProducts*

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Ergobaby Omni 360 All-Position Baby Carrier for Newborn to Toddler with Lumbar Support (7-45 Pounds), Pure Black, 1 Count (Pack of 1)<br><br>ASIN: B0743KZY9C | • On or about May 16, 2023, Ergobaby conducted a test purchase of the listed product sold by the Selling Account.<br><br>• Ergobaby received and inspected the test-purchased product and confirmed that it is counterfeit based on deviations from Ergobaby's authentic product. |