The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and THE ERGO BABY CARRIER, INC., a Hawaii corporation,

Plaintiffs,

v.

MICHAEL BARTLEY, an individual; JEAN BATALIEN, an individual; RACHEL DIEKMANN, an individual; HAZEL FLORES, an individual d/b/a Webox.com Prep Center; NAMDIDIE IKON, an individual; JUSTIN RALEY, an individual; SEBASTIAN GONZALEZ ROJAS, an individual; KATHRYN SPOSATO, an individual; JEAN ST. VIL, an individual; MICHAEL SUTTON, an individual; SEYMOUR WATSON, an individual d/b/a Ethanmour Holdings LLC; and DOES 1-10,

Defendants.

No. 2:24-cv-01188-KKE

**PLAINTIFFS' *EX PARTE* MOTION TO STAY OR VACATE SCHEDULING ORDER DEADLINES**

NOTE ON MOTION CALENDAR:
JANUARY 2, 2026

## I.   INTRODUCTION AND REQUESTED RELIEF

Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), and The Ergo Baby Carrier, Inc. ("Ergobaby") respectfully move the Court to vacate the trial date and trial-related deadlines set forth in the Court's December 3, 2024, Order Setting Trial Date and Related Dates (the "Scheduling Order"), Dkt. 44.

MOTION TO STAY OR VACATE SCHEDULING ORDER DEADLINES - 1
(2:24-cv-01188-KKE)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

In this action, Amazon and Ergobaby assert claims against eleven Defendants arising from their sale of counterfeit Ergobaby-branded products in the Amazon.com store in violation of Ergobaby's intellectual property rights and Amazon's contracts and policies. Dkt. 49. To date, Plaintiffs have reached settlements with four Defendants, and they are completing settlement discussions with an additional five Defendants. The remaining two Defendants are in default; these Defendants have not responded to the Complaint or the Amended Complaint. Plaintiffs have sought entry of default as to these Defendants (*see* Dkt. 66 - 67) and intend to move for default judgment against them. Because Plaintiffs anticipate shortly settling with the non-defaulted Defendants,[1] which will moot the dates in the Scheduling Order, Plaintiffs request that the Scheduling Order's deadlines be stayed or vacated.

Plaintiffs require additional time to complete informal discovery exchanges and related settlement discussions with the five Defendants with whom they are negotiating settlement. This process has taken time as Plaintiffs have consistently needed to press Defendants to produce documents and information related to their counterfeiting scheme and because of a recent bankruptcy filing involving the spouse of one Defendant. In the event that settlement discussions with any of the non-defaulted Defendants fall through, Plaintiffs will promptly provide notice to these Defendants pursuant to Local Rule 55 that Defendants must respond to Plaintiffs' Complaint within 14 days or face entry of default. Should these Defendants also default, Plaintiffs will seek default judgment against them as well.

## II.    BACKGROUND

### A.    Plaintiffs' Complaints and Investigation into Defendants' Conduct.

Plaintiffs filed the Complaint on August 5, 2024. Dkt. 1. Following service, a number of Defendants contacted Plaintiffs' counsel to discuss settlement. Commerson Decl. ¶ 2. As a condition of settlement, Plaintiffs requested that the Defendants provide certain documents and information concerning their sale of counterfeit Ergobaby-branded products. *Id*.

---

[1] Plaintiffs settled with Defendant Rahcel Diekmann, the only Defendant who has filed a responsive pleading. Ms. Diekmann was dismissed from the action on October 14, 2025. Dkt. 59.

MOTION TO STAY OR VACATE SCHEDULING ORDER DEADLINES - 2
(2:24-cv-01188-KKE)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

The information provided by certain Defendants revealed that Defendant Hazel Flores facilitated the advertisement, distribution, and sale of counterfeit Ergobaby-branded products by other Defendants, in addition to selling counterfeit Ergobaby-branded products through a selling account under Ms. Flores's direct control. *Id.* ¶ 3. The investigation also uncovered that an individual named Seymour Watson recruited certain Defendants to sell Ergobaby-branded products through their selling accounts, and that Mr. Watson supplied the counterfeit Ergobaby-branded products to multiple Defendants. *Id.* ¶ 4.

### B.    Filing of Amended Complaint and Resolution Efforts.

Based on the new information uncovered through Plaintiffs' informal discovery and further investigation, Plaintiffs filed a First Amended Complaint ("FAC") on February 6, 2025. The FAC added Mr. Watson as a Defendant and supplemented the allegations regarding Defendants' counterfeit scheme. *See* Dkt. 49, ¶¶ 5, 20, 49-56, 86-111.

Plaintiffs continued their efforts to obtain additional informal discovery from Defendants, including newly-named Defendant Watson, and to reach an early resolution of their claims. Commerson Decl. ¶ 5. To date, these efforts have resulted in settlements with, and dismissal of, four Defendants. *Id.*; *see* Dkt. 55-57, 59. Plaintiffs also have sought entry of default against two Defendants. *See* Dkt. 66. As noted, none of the remaining Defendants have filed a responsive pleading in this action.

Plaintiffs' efforts to complete their investigation and resolve this matter with the non-defaulted Defendants has been complicated by the initial failure of certain Defendants to provide the documents and information requested by Plaintiffs, and by a Chapter 13 bankruptcy petition filed by the spouse of one Defendant. *Id.* ¶ 6.[2]

Plaintiffs anticipate completing their investigation and reaching settlement with the non-defaulted Defendants within 45 days. Commerson Decl. ¶ 7. In the event that settlements cannot be reached with Defendants in that timeframe, Plaintiffs will provide those Defendants with 14

---

[2] Following the spouse's bankruptcy filing, the Defendant's counsel withdrew from the representation. Plaintiffs are seeking to continue discussions directly with the Defendant. *Id.*

MOTION TO STAY OR VACATE SCHEDULING ORDER DEADLINES - 3
(2:24-cv-01188-KKE)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

days' notice under Local Rule 55 that Plaintiffs will seek entry of default if the Defendants do not file a responsive pleading. *Id.* ¶ 7. Plaintiffs anticipate that they can file a motion for default judgment against all defaulted Defendants within 90 days. *Id.*

### III.   ARGUMENT

Upon a showing of good cause, "the decision to modify a scheduling order is within the broad discretion of the district court." *West v. Tigercat Indus., Inc.*, 2022 WL 1154653, at *1 (W.D. Wash. Apr. 19, 2022) ("A [scheduling] order may be modified only for good cause and with the judge's consent.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (quoting; Fed. R. Civ. P. 16(b)(4))); *see also* Fed. R. Civ. P. 6(b)(1) ("When an act [under the Federal Rules] must be done within a specified time, the court may, for good cause, extend the time[.]").

Good cause exists to stay or vacate the deadlines in the Scheduling Order, which sets a current trial date of January 20, 2026. *First,* none of the remaining Defendants have filed a responsive pleading and thus Plaintiffs' claims are not currently at issue. *Second,* given Plaintiffs' progress toward reaching settlements with the remaining Defendants and the pending orders of default against defaulted Defendants, the Scheduling Order's trial-related deadlines are likely to be moot, and judicial economy will be served by staying or vacating them. *Third,* Plaintiffs have diligently prosecuted this action by investigating Defendants' conduct, engaging in exchanges of documents and information with certain Defendants, filing an Amended Complaint based on newly discovered information, and pursuing settlement with Defendants. Commerson Decl. ¶¶ 2-6. Plaintiffs' efforts have resulted in settlement with, and dismissal of, four Defendants (*id*. ¶ 5), as well as motions for entry of default against two other Defendants. Dkt. 55-57, 59, 66-67.

Plaintiffs anticipate settling with the remaining Defendants within 45 days and then filing a motion for default judgment as to all defaulted Defendants within 90 days. Commerson Decl. ¶ 7. Plaintiffs request that the Court stay or vacate the deadlines in the Scheduling Order and set

MOTION TO STAY OR VACATE SCHEDULING ORDER DEADLINES - 4
(2:24-cv-01188-KKE)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

a deadline of 90 days for Plaintiffs to file a motion for default judgment or a status report. *See* Proposed Order.

### IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court stay or vacate the deadlines in the Scheduling Order and set a deadline of 90 days for Plaintiffs to file a motion for default judgment or a status report.

DATED this 2nd day of January, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*/s/ Scott Commerson*
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

MOTION TO STAY OR VACATE SCHEDULING ORDER DEADLINES - 5
(2:24-cv-01188-KKE)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax